**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TYRONE SPARKS                                    Case No. 2:09-cv-12128

                         Plaintiff,              HON. MARIANNE O. BATTANI

v.

M & T BANK,

                         Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

        Before the Court is Defendant M & T Bank's Motion to Dismiss Plaintiff Tyrone

Sparks's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4).

Plaintiff filed a 13-count complaint against M & T Bank stemming from Plaintiff's

mortgage with M & T Bank. The motion has been fully briefed, and this Court held a

motion hearing on October 7, 2009.  The parties have entered into a Stipulated Order of

Dismissal for Counts I-II, IX-X and XII-XIII. In addition, the parties stipulated to the

dismissal of Count III insofar as it concerns 15 U.S.C. § 1693(b)(3); Count III's claim

regarding 15 U.S.C. § 1693(h) remains. Counts IV (Predatory Lending), V (Violation of

TILA), VI (Fraudulent Misrepresentation), VII (Negligent Misrepresentation), VIII

(Defamation of Credit/Violation of FCRA) and XI (Violation of MBLSLA) also remain. For

the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## II.     STATEMENT OF FACTS

As this is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the following facts are drawn from Sparks's complaint. <u>See</u> <u>Allard v. Weitzman</u>, 991 F.2d 1236, 1240 (6th Cir. 1993). Sparks purchased property at 20203 Hull St. in Detroit ("the property") in 2007 and refinanced his loan on the Property with M & T Bank in December of 2007 for the amount of $57,779.52. Sparks's Truth-In-Lending Disclosure Statement indicated a $414.41 monthly mortgage payment.

On December 20, 2007, Sparks received a "First Payment Notification Letter" which indicated a payment of $547.39 for the first month. This figure was the sum of Sparks's mortgage payment of $414.41 plus $112.25 for hazard/flood insurance and $20.73 for property taxes.

On January 23, 2009, Sparks received an amended monthly statement requiring a monthly payment of $1,100.11. This constituted the $414.41 in principal and interest, and a $685.70 escrow payment. Funds from the escrow account were set aside to pay "taxes" (estimated at $1,472.04/year), "county tax" (estimated at $1,553.77/year), and "hazard insurance" (estimated at $1,347/year). Sparks's base escrow payment was $364.40/month; but because his escrow account had a starting balance of -$2,397.97, he had an escrow shortage of $3,855.58. This shortage, when divided over the 12 month period, increased his escrow payment by $321.30. Accordingly, Sparks's $364.40 base escrow payment plus his $321.30 escrow shortage payment resulted in a total escrow payment of $685.70/month.

Sparks's complaint states that M & T Bank promised him that his financing scheme was meant to be temporary and that he would be able to sell the property or

2

refinance the loans if paying the monthly loan payments became problematic. Sparks further alleges that he was not properly informed of all the material provisions of his mortgage loan prior to closing.  M & T Bank pushed the loan application through as part of a larger scheme to make loans to borrowers who were unable to repay those loans. This scheme included artificially inflating the true value of properties in the mortgage market in order to lend more money and sell the loans on the mortgage-backed securities market. When these property values fell, Sparks owed significantly more on his mortgage loan than the property could be sold for on the open market. As a result, Sparks began missing payments and is currently unable to pay his mortgage.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess in a motion to dismiss whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must construe the pleadings in a light most favorable to the plaintiff and determine whether the plaintiff's factual allegations present plausible claims. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S.Ct. 1955, 1970, 167 L.Ed.2d 929 (2007). The complaint  "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . [F]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." See Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S.Ct. at 1965) (internal citation and quotation marks omitted).

3

## IV.   ANALYSIS

*Counts III and V*

Plaintiff alleges in Counts III and V that Defendant violated the Home Ownership and Equity Protection Act ("HOEPA") and the Truth-In-Lending Act ("TILA"). 15 U.S.C. § 1639(h); 15 U.S.C. § 1601 et. seq.  Under 15 U.S.C. § 1640(e), there is a one-year statute of limitations on these violations. "A credit transaction which requires disclosures under the [Truth-In-Lending] Act is completed when the lender and borrower contract for the extension of credit." Wachtel v. West, 476 F.2d 1062, 1065 (6th Cir. 1973). Simply put, a TILA violation occurs when the loan agreement is signed. Rudisell v. Fifth Third Bank, 622 F.2d 243, 246 (6th Cir. 1980). Plaintiff refinanced the loan on the property with Defendant in December 2007, and filed this action on April 29, 2009 – four months after the expiration of the statute of limitations.

Plaintiff seeks to defeat the statute of limitation defense by  asserting that the doctrine of equitable tolling applies because Defendant engaged in fraudulent concealment. "In cases of fraudulent concealment, the statute of limitations can be tolled when the plaintiff demonstrates that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." Mills v. Equicredit Corp., 294 F.Supp.2d 903, 908 (E.D. Mich. 2003) (quoting Jarrett v. Kassel, 972 F.2d 1415, 1423 (6th Cir. 1992)). "The alleged acts of concealment . . . must amount to more than a failure on behalf of the defendant to disclose the initial fraudulent conduct. Indeed, fraudulent concealment requires some act in addition to the commission of the initial fraudulent act because it 'implies conduct . . . affirmatively directed at deflecting

4

litigation[.]'" Jones v. Sazon Mortg., Inc., 980 F.Supp. 842, 846 (E.D. Va. 1997)

(discussing a TILA action); see also Hill v. U.S. Dept. of Labor, 65 F.3d 1331, 1335 (6th

Cir. 1995) ("For limitations purposes, application of equitable principles is warranted

when defendant fraudulently conceals its actions, misleading plaintiff regarding plaintiff's

cause of action.") (discussing Energy Reorganization Act of 1974).

Plaintiff does not allege any specific fraudulent concealment beyond the initial

statutory violations themselves. His allegations touch upon Defendant's conduct in

extending the loan at the time it was signed; they do not concern any fraudulent

concealment.

Under Count III, Sparks alleges that M & T Bank violated 15 U.S.C. § 1639(h)

which states:

> "A creditor shall not engage in a pattern or practice of extending credit to
> consumers under mortgages referred to in section 1602(aa) of this title based on
> the consumers' collateral without regard to the consumers' repayment ability,
> including the consumers' current and expected income, current obligations, and
> employment."

Under Count V, Plaintiff pleaded the following allegations:

> 56.  Defendant provided false interest rate, fee and monthly payment disclosures
> in connection with the closing of the mortgage loan transaction on the Property,
> in violation of [TILA].

> 57. Plaintiff did not discover, and could not discover, Defendant's violations of
> the Truth in Lending Act because the documents provided to Plaintiff were
> withheld from Plaintiff and if they existed at all, were seriously misleading.

> 58. Thus, Plaintiff's claims under [TILA] are subject to tolling.

Plaintiff further alleges that by "extending credit to Plaintiff without regard to his

ability to repay the debt, Defendant has violated 15 U.S.C. §1639(h). This does not

provide a basis to toll the statute of limitations. Defendant's knowledge of Plaintiff's

5

repayment ability is distinct from any conduct by Defendant to conceal Plaintiff's cause of action and does not trigger equitable tolling.

For equitable tolling to apply, Plaintiff must show that he could not have discovered the cause of action despite exercising due diligence. Plaintiff's allegation that Defendant provided "false interest rate, fee and monthly payment disclosures" that were "seriously misleading" fails to articulate why he could not discover, by exercising due diligence, that the disclosures were false. His claim is based on statements or omissions by Defendant that were readily discoverable at the time of closing. Just as in Mills v. Equicredit Corp., 294 F.Supp.2d 903, 909 (E.D. Mich. 2003), "[b]y exercising due diligence, Plaintiffs could have discovered the terms of the loans by reading the loan documents."

Plaintiff's response that "the doctrine of equitable tolling should apply" and "it is just the type of fraudulent concealment committed by the Defendant that the doctrine of equitable tolling applies to" is conclusory and lacks any detail whatsoever. Federal Rules do not require courts to credit conclusory statements without reference to their factual content.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1954 (2009) (discussing conclusory statements in a complaint).

 Accordingly, Defendant is entitled to dismissal of Counts III and V because the statute of limitations had run before Plaintiff filed this case and equitable tolling does not apply.

*Count IV*

In Count IV, Plaintiff claims that Defendant engaged in predatory lending. Defendant moves to dismiss Plaintiff's claim of predatory lending because Michigan

does not recognize such a claim. Sitting in diversity, this Court is required to decide an issue of state law as would the highest court of the state. <u>Combs v. International Ins. Co.</u>, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiff fails to proffer controlling authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending." Accordingly, Defendant is entitled to dismissal of Count IV as a matter of law.

*Counts VI, VII and XI*

Counts VI, VII and XI allege that Defendant provided Plaintiff with materially false property value and payment disclosures. Plaintiff alleges that Defendant made "false material misrepresentations by representing that the property values on the mortgage market were much greater than they actually were," and that "Defendants further knew or were reckless to the truth without knowledge that true property values were not reflective of the value of the loans being made[.]" Plaintiff alleges that Defendant misrepresented the terms of the loan, the property value, whether he could refinance, and the amount of the monthly payments.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." <u>Coffey v. Foamex L.P.</u>, 2 F.3d 157, 161-62 (6th Cir. 1993) (quotation omitted). "The threshold test is whether the complaint places the defendant on sufficient

7

notice of the misrepresentation, allowing the defendant[ ] to answer, addressing in an informed way the [plaintiff's] claim of fraud." Id. at 162 (quotations omitted).

Plaintiff's broad and conclusory allegations fail to state a claim for fraudulent or negligent misrepresentation  with the particularity required by Rule 9(b). In particular, Plaintiff's complaint does not contain allegations concerning the time and place of the alleged misrepresentations. Plaintiff cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss. See Twombly, 550 U.S. at 564. Because Plaintiff fails to plead these items with the particularity required, his fraud and negligence claims fail. See id. at 161-62.

As Count XI is based on the same misrepresentation allegations as the fraud claim, it is subject to dismissal for the same reasons. See Hanning v. Homecomings Financial Networks, 436 F.Supp.2d 865, 872 (W.D. Mich. 2006) (dismissing claim for violation of MBLSLA for the same reasons as dismissal of fraud claim).

Plaintiff requests leave to amend Counts VI and VII "[i]n the event that the Court finds that fraudulent misrepresentation and negligent misrepresentation were not pled with the required specificity." Leave to amend is freely granted when justice so requires. FED. R. CIV. P. 15(a)(2). The decision to permit amendment of a complaint in the interests of justice is left to the sound discretion of the trial judge, whose decision will be reversed only for abuse of discretion. Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 591 (6th Cir. 1990). The Court finds that Counts VI and VII so obviously lacked the required specificity that the interest of justice does not require granting leave to amend.

8

*Count VIII*

Plaintiff's remaining claim is for both Defamation of Credit and a Violation of the Fair Credit and Reporting Act ("FCRA"). Plaintiff alleges that Defendant "has made or will make derogatory reports on Plaintiff's credit reports that are patently untrue."

Defendant argued that the defamation of credit claim is preempted by the FCRA. As Plaintiff does not respond to this argument; this claim is deemed abandoned. <u>Straub v. M & I Bank FSB</u>, Case No. 09-13414, 2009 WL 3464524, at *3 (E.D. Mich. Oct. 23, 2009). The Court finds that "plaintiff is not entitled to proceed on his defamation claim because it is preempted by the FCRA." <u>Khalil v. Transunion, LLC,</u> Case No. 08-10303, 2009 WL 804165, at ˙2 (E.D. Mich. Mar. 25, 2009).

Plaintiff fails to state a claim under the FCRA because the statute does not create a private right of action against furnishers of credit information under 15 U.S.C. §1681s-2(a). <u>See</u> <u>Stafford v. Cross County Bank,</u> 262 F.Supp.2d 776, 782-83 (W.D. Ky. 2003). Section 1681s-2(b) only prohibits a furnisher from failing to perform a reasonable investigation of a dispute.15 U.S.C. §1681s-2(b). As Plaintiff's complaint does not allege that Defendant either received a dispute or failed to adequately investigate the dispute, Plaintiff fails to allege a cause of action under Section 1681s-2(b). Therefore, Plaintiff has no claim under the FCRA either. Accordingly, the Court shall dismiss Count VIII.

**V.     CONCLUSION**

For the reasons stated above, Defendant M & T Bank's Motion to Dismiss is

hereby **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani\
MARIANNE O. BATTANI\
UNITED STATES DISTRICT JUDGE

DATED: December 1, 2009

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Plaintiff and counsel of record on this
date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt\
Case Manager

10